UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN EUGENE MOORE, | No. 2:13-cv-1386 MCE DAD P |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY SHERIFF'S DEPARTMENT et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's third amended complaint as well as several discovery and dispositive motions brought by the parties. Below, the court will address each in turn.

**BACKGROUND**

Plaintiff is proceeding on a second amended complaint. At screening, the court found that plaintiff's complaint appeared to state a cognizable claim against defendants Jennings, Morris, and Carriger for deliberate indifference to plaintiff's medical needs while he was incarcerated at the Sacramento County Jail when they allegedly ignored his medical chrono for a lower tier housing assignment. The court also found that plaintiff's complaint appeared to state a cognizable claim against defendant Dr. Bauer for deliberate indifference to plaintiff's medical

1

needs when he allegedly failed to adequately treat plaintiff's injuries after plaintiff fell down the stairs at the jail. Finally, the court found that plaintiff's complaint appeared to state a cognizable claim against defendant Dr. Abshire for deliberate indifference to plaintiff's medical needs when she allegedly discontinued plaintiff's seizure medication and instead prescribed him psychiatric medication without plaintiff's knowledge thereby causing plaintiff to suffer an allergic reaction and cardiac arrest. (Doc. No. 14)

## PLAINTIFF'S THIRD AMENDED COMPLAINT

On July 3, 2014, plaintiff filed a third amended complaint with the court.[1] (Doc. No. 38) Under Rule 15 of the Federal Rules of Civil Procedure, plaintiff may amend his complaint once as a matter of course within twenty-one days after serving it or twenty-one days after service of a responsive pleading or motion pursuant to Rule 12(b). See Fed. R. Civ. P. 15. In all other cases, plaintiff may amend his complaint "only with the opposing party's written consent or the court's leave." Id.

In this case, plaintiff filed his third amended complaint more than two months after defendants filed their answer. Plaintiff has not obtained defendants' written consent or the court's leave to amend his complaint. Accordingly, the court will disregard plaintiff's proposed third amended complaint, and the case will continue to proceed on plaintiff's second amended complaint.

## DISCOVERY MOTIONS

I. Plaintiff's Motion for Sanctions for Discovery Violations

Plaintiff has filed a motion for sanctions based on defendants' alleged "critical discovery violations." (Pl.'s Mot. for Sanctions (Doc. No. 44) at 2-3.) Therein, plaintiff contends that defendants' responses to his interrogatories were untimely. (Id. at 2.) Plaintiff also contends that defense counsel sent him a letter asking him to withdraw his objection to production of his

---

[1] The third amended complaint was erroneously docketed as a "first amended complaint." (Doc. No. 38.) Plaintiff filed his original complaint in this action on July 11, 2013. (Doc. No. 1.) He filed a first amended complaint on July 29, 2013. (Doc. No. 5.) Plaintiff filed a second amended complaint on January 7, 2014. (Doc. No. 13.) On April 22, 2014, defendants filed an answer in response to the second amended complaint. (Doc. No. 30.) Plaintiff's July 3, 2014 filing is therefore his proposed third amended complaint.

1  medical records that warrants the imposition of sanctions.  (Id. at 2-3.)  Finally, plaintiff contends
2  that defense counsel sent him a letter advising him that his most recent discovery requests were
3  untimely and that letter also warrants the imposition of sanctions.  (Id.)  Defendants have filed an
4  opposition to plaintiff's motion for sanctions, arguing that they have not engaged in any
5  misconduct.  (Defs.' Opp'n to Pl.'s Mot. for Sanctions (Doc. No. 49) at 2-5 & Paul Decl.)

6       In this case, defendants' conduct clearly does not warrant the imposition of sanctions.
7  First, with respect to defendants' responses to plaintiff's interrogatories, although plaintiff
8  requested responses from defendants within thirty days, under the court's discovery and
9  scheduling order, defendants were allowed to serve their responses within forty-five days after
10 service of the discovery request.  Defendants have submitted evidence to the court indicating that
11 plaintiff served his interrogatories on defense counsel on May 29, 2014.  Defendants timely
12 served their responses to plaintiff's request for discovery on July 16, 2014.  See Fed. R. Civ. P.
13 6(d) (adding three days to the date a party must act when service is made via United States mail).
14 Accordingly, no sanctions are warranted based on the timing of defendants' responses to
15 plaintiff's interrogatories.

16      As to defense counsel's letter asking plaintiff to withdraw his objection to production of
17 his medical records, it is not clear to the court why plaintiff believes the letter in question
18 warrants the imposition of sanctions.  In that letter, defense counsel informed plaintiff that he
19 learned from the prison's Litigation Coordinator that plaintiff had objected to production of his
20 medical records pursuant to a subpoena counsel served on the Department of Corrections.
21 Defense counsel informed plaintiff that if he refused to withdraw that objection, defense counsel
22 would be forced to file a motion to compel.  This sort of meet and confer letter attempting to
23 resolve discovery disputes in order to avoid the need for a discovery motion clearly does not
24 warrant the imposition of sanctions.

25      Finally, as to defense counsel's letter informing plaintiff that his most recent discovery
26 requests were untimely, plaintiff is advised that defense counsel is correct in that regard, and
27 therefore defendants are not obligated to respond to plaintiff's untimely discovery requests.
28 Specifically, plaintiff does not dispute that the proofs of service for plaintiff's requests for

3

1  admission and requests for production are dated June 26, 2014.  Under the court's discovery and
2  scheduling order, however, plaintiff was required to serve any discovery requests on or before
3  June 16, 2014, sixty days prior to the discovery deadline.  Again, under these circumstances, the
4  imposition of sanctions as requested by plaintiff is unwarranted.

5  Accordingly, for all of the foregoing reasons, the court will deny plaintiff's motion for
6  sanctions.

7  II.  <u>Defendants' Motion to Compel</u>

8  Defense counsel has filed a motion to compel further discovery.  (Defs.' Mot. to Compel
9  (Doc. No. 47) at 2-8 & Exs. A-J.)  Therein, counsel argues that plaintiff responded to virtually all
10 of defendants' interrogatories with a nonspecific objection and a vague reference to the various
11 motions for summary judgment plaintiff has filed, plaintiff's complaint, or plaintiff's other
12 discovery responses.  (<u>Id.</u> at 3-5.)  According to defense counsel, plaintiff did not provide actual
13 answers to the interrogatories and failed to verify his responses.  (<u>Id.</u>)  Defense counsel also
14 argues that plaintiff responded in similar fashion to defendants' requests for production of
15 documents and failed to produce a single document.  (<u>Id.</u>)  Defense counsel seeks a court order
16 compelling plaintiff to serve further responses to defendants' interrogatories and requests for
17 production.  (<u>Id.</u> at 5.)  Defense counsel also requests that monetary sanctions be imposed on
18 plaintiff.  (<u>Id.</u> at 6-7.)  Plaintiff has not opposed or otherwise responded to defendant's motion to
19 compel.

20 The court will grant defendants' motion to compel.  With respect to defendants'
21 interrogatories, plaintiff's responses are inadequate.  Most of plaintiff's responses merely refer
22 defense counsel to plaintiff's motions for summary judgment or other documents ("SEE
23 PARTIAL SUMMARY JUDGMENT MOTION FILED 5.13.2014 AGAINST [SIC] THIS
24 DEFENDANT.").  However, "[e]ach interrogatory must . . . be answered separately and fully in
25 writing under oath."  Fed. R. Civ. P. 33(b)(3).  Plaintiff has neither fully answered nor signed his
26 responses to defendants' interrogatories under oath.  As such, the court will order plaintiff to
27 serve further responses to defendants' interrogatories where he has inadequately responded to
28 /////

4

them as described above.[2]

With respect to defendants' requests for production of documents, plaintiff's responses are also inadequate. Again, most of plaintiff's responses merely refer defense counsel to plaintiff's motions for summary judgment or other documents ("SEE PARTIAL SUMMARY JUDGMENT MOTION FILED 5.13.2014 AGAINST [SIC] THIS DEFENDANT AND DECLARATORY JUDGMENT DATED 6.26.14."). However, if plaintiff has relevant documents or materials in his possession or control, he must produce them in response to defendants' discovery requests. If plaintiff is not in possession or control of relevant materials, he must state under oath that the requested documents do not exist or are not in his possession or control. See Fed. R. Civ. P. 34(a)(1). Plaintiff's responses to defendants' requests for production of documents do not comply with Rule 34. As such, the court will order plaintiff to serve further responses to defendants' requests for production where he has inadequately responded to them as described above.[3]

Turning now to defendants' request monetary sanctions against plaintiff, under Rule 37(d) of the Federal Rules of Civil Procedure, the court has broad discretion to order sanctions if a party fails to serve answers, objections, or written responses to properly served discovery requests. See Fed. R. Civ. P. 37(d). As noted above, plaintiff's responses to defendants' discovery requests are inadequate. However, the court finds that defendants' request for monetary sanctions is premature. Plaintiff is an inmate proceeding pro se and in forma pauperis. Although plaintiff's inability to pay should not be the only reason for the court's denial of monetary sanctions, it can be considered. See Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994). As such, the court will deny defendants' request for the imposition of sanctions without prejudice to the renewal of

---

[2] Plaintiff is directed to serve defense counsel with further verified responses to Defendant Abshire's Special Interrogatories (Set One), Defendant Bauer's Special Interrogatories (Set One), Defendant Jennings Special Interrogatories (Set One), Defendant Carriger's Special Interrogatories (Set One), and Defendant Morris' Special Interrogatories (Set One).

[3] Plaintiff is directed to serve defense counsel with further verified responses to Defendant Abshire's Request for Production of Documents (Set One), Defendant Bauer's Request for Production of Documents (Set One), Defendant Jennings' Request for Production of Documents (Set One), and Defendant Morris' Request for Production of Documents (Set One).

that request should plaintiff fail to comply with this court's order.

For all the foregoing reasons, the court will grant defendants' motion to compel but deny defendants' request for monetary sanctions without prejudice.

## PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT

Plaintiff has filed six motions for summary judgment, all of which the court will deny without prejudice. As an initial matter, plaintiff's motions are duplicative. Of the six motions for summary judgment, plaintiff has filed four of those motions against defendant Carriger. (Doc. Nos. 35, 39, 42 & 45) Two of these four motions are identical. (Doc Nos. 39 & 42) Although the third and fourth motions are not identical, they are duplicative in that they also attempt to address plaintiff's sole claim against defendant Carriger for deliberate indifference in connection with plaintiff's medical chrono for a lower tier housing assignment. Likewise, plaintiff has filed two motions for summary judgment against defendant Dr. Abshire. (Doc. Nos. 34 & 43). Again, these motions are not identical, but both attempt to address plaintiff's sole claim against defendant Dr. Abshire for deliberate indifference in connection with plaintiff's seizure medication. For reasons unclear to the court, plaintiff has filed similarly duplicative motions for summary against all of the defendants. Plaintiff is advised that improper and superfluous filings by the parties impede the progress of a civil action and the court's handling of a case.[4]

Plaintiff's various motions for summary judgment are also defective. They do not comply with Rule 56 of the Federal Rules of Civil Procedure or Local Rule 260(a). Rule 56(c)(1) requires a party to support his or her factual position by:

> citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits

---

[4] The court cautions plaintiff that it may impose restrictions on his filings if he does not exercise appropriate restraint in the future. See De Long v. Jennessey, 912 F.2d 1144, 1147 (9th Cir. 1990) ("There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.") (quoting Tripati v. Beaman, 878 F.2d 351, 352 (10th Cir. 1989)). Although plaintiff is proceeding pro se, he is required to comply with the Federal Rules of Civil Procedure and the Local Rules of Court. Plaintiff's failure to obey court orders and the local and federal rules and meet his responsibilities in prosecuting this action may justify dismissal of the action, including dismissal with prejudice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262-63 (9th Cir. 1992).

> or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials.

Fed. R. Civ. P. 56(c)(1).

Similarly, Local Rule 260(a) requires that a motion for summary judgment

> be accompanied by a "Statement of Undisputed Facts" that shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact.

L.R. 260(a).

In this case, plaintiff has often failed to cite to specific parts of the record or evidence submitted in support of his purported statement of undisputed facts. In addition, in some instances, plaintiff has failed to submit the necessary evidence in support of his motion for this court's review. For example, plaintiff notes in his motion for summary judgment against defendants Jennings and Carriger that his motion is supported by "Exhibit (A) not attached so not to burden this court with excessive paper work…." Plaintiff is advised that he is "responsible for the filing all evidentiary documents he relies on in a motion for summary judgment." See L.R. 260(a). Finally, although it appears that plaintiff wishes to use his Statement of Undisputed Facts as an affidavit by signing it under penalty of perjury, plaintiff is advised that any affidavit he submits in support of a motion for summary judgment must be separate from his statement of undisputed facts and must also be based on "personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Any such affidavit may not be based purely on his belief. See Schroeder v. McDonald, 55 F.3d 454, 460 (9th Cir. 1995).

As noted above, the court will deny plaintiff's various motions for summary judgment without prejudice. If plaintiff elects to file a new motion for summary judgment, the court instructs him to file one motion seeking entry of judgment in his favor against all of the defendants. Any such renewed motion must lay out each separate statement of undisputed fact and cite to corresponding evidence attached to the motion, which plaintiff believes demonstrates the absence of a genuine issue of material fact. Plaintiff is advised that he will bear the burden of

1  proof at trial, so to prevail on a motion for summary judgment in his favor he must affirmatively
2  demonstrate that based upon the undisputed facts no reasonable trier of fact could find other than
3  for him.  See Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007).

## SCHEDULING ORDER

5  Given the numerous of motions for summary judgment plaintiff has filed, plaintiff's filing
6  of an unauthorized amended complaint, and plaintiff's inadequate responses to defendants'
7  discovery requests, defense counsel has filed a motion to stay briefing on plaintiff's motions for
8  summary judgment.  (Doc. No. 46)  Defense counsel has also requested that the court modify the
9  discovery and scheduling order in this case because when defense counsel arrived at plaintiff's
10 institution of incarceration to take plaintiff's deposition, correctional staff informed him that
11 plaintiff had been transferred the prior day to another institution.  Defense counsel requests
12 additional time to depose plaintiff.  (Doc. No. 48)
13 In light of the court's decision to deny plaintiff's motions for summary judgment without
14 prejudice, the court will deny defendants' motion to stay briefing on those motions as
15 unnecessary.  However, good cause appearing, the court will grant defendants' request to modify
16 the discovery and scheduling order in this case to allow the parties to complete discovery and file
17 any dispositive motions if appropriate.

## PLAINTIFF'S MOTION FOR DEFAULT

19 Plaintiff has also filed a motion for entry of default against defendants due to their failure
20 to respond to his motions for summary judgment.  (Doc. No. 55)  Defendants have opposed the
21 motion.  (Doc. No. 56)
22 As an initial matter, plaintiff is advised that the court may not grant summary judgment by
23 default even if a nonmoving party fails to respond to the motion.  See Fed. R. Civ. P. 56 advisory
24 committee's note ("summary judgment cannot be granted by default even if there is a complete
25 failure to respond to the motion").  Moreover, this is not a case where defendants have sat idle.
26 Defense counsel initially sought more time to oppose plaintiff's motions for summary judgment,
27 which this court granted.  However, as plaintiff continued to file additional, often repetitive,
28 motions for summary judgment as well as an unauthorized amended complaint, defendants filed

their motion stay the briefing on plaintiff's motions until the court had an opportunity to review them and, if necessary, screen plaintiff's amended complaint. Under these circumstances, defendants have not "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a).

Accordingly, the court will deny plaintiff's motion for entry of default.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's proposed third amended complaint (Doc. No. 38) is disregarded;

2. Plaintiff's motion for sanctions (Doc. No. 44) is denied;

3. Defendants' motion to compel (Doc. No. 47) is granted. Within forty-five days of the date of service of this order, plaintiff shall serve on defense counsel further responses to defendants' special set of interrogatories and defendants' requests for production;

4. Defendants' request for monetary sanctions (Doc. No. 47) is denied without prejudice;

5. Plaintiff's motions for summary judgment (Doc. Nos. 34, 35, 39, 42, 43, 45) are denied without prejudice to plaintiff's filing of, if appropriate, one motion for summary judgment as to all defendants;

6. Defendants' motion to stay briefing on plaintiff's motions for summary judgment (Doc. Nos. 46) is denied as unnecessary;

7. Defendants' motions to modify the court's discovery and scheduling order (Doc. Nos. 48 & 57) are granted. Within sixty days of the date of this order, defendants shall take plaintiff's deposition, if any. Within 120 days of this order, the parties shall file any motion for summary judgment they wish to pursue. Except as provided in this order, the court's discovery and scheduling order remains in effect; and

8. Plaintiff's motion for default (Doc. No. 55) is denied.

Dated: February 17, 2015

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
moor1386.mots